1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CLAY EDWARD LOPEZ,

             Plaintiff,

    v.

S. SHIESHA, et al.,

             Defendants.

_____/

CASE NO.    1:12-cv-00076-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

## SCREENING ORDER

**I.**    **PROCEDURAL HISTORY**

       On January 17, 2012, Plaintiff Clay Edward Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  Plaintiff's Complaint is now before the Court for screening.

**II.**    **SCREENING REQUIREMENT**

       The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.  **SUMMARY OF COMPLAINT**

The Complaint names the following individuals as Defendants: (1) Dr. S. Shiesha, Chief Physician and Surgeon; (2) Dr. M. Ross; (3) LVN Baker; (4) M. Thompson; (5) Sergeant Langham; (6) M. Stainer, Warden; (7) John Doe #1, R.N.; (8) John Doe #2, R.N.; (9) John Doe #3; and (10) Gonzalez, Warden.

Plaintiff alleges the following:

On August 5, 2009, Plaintiff injured his neck, left shoulder, and left arm while working in the laundry room.  John Doe #3 issued "Naproxen" and granted Plaintiff a four day leave from work.  The next day Defendant Thompson, the laundry room supervisor, asked Plaintiff to sign an incident report.  Plaintiff noticed that the report was not filled out,

2

refused to sign, and sought assistance from Defendant Langham.  Defendants Langham and Thompson spoke and afterwards Langham told Plaintiff that a report would be filed noting Plaintiff's bad attitude and refusal to sign.  (Compl. at 7.)  Plaintiff unsuccessfully requested copies of his Workers' Compensation Report.  On August 24, 2009, after applicable state deadlines had passed, Plaintiff was given an opportunity to review limited documentation.   On September 9, 2009, Plaintiff was notified that his workers' compensation claim had been denied.   Defendant Thompson failed to submit the necessary documentation within the twenty-four hour deadline.  Thompson also failed to include the fact that Plaintiff required time off of work because of his injury.  (Id. at 8.)

On July 1, 2011, Plaintiff met with Defendant Ross regarding residual pain from the August 5, 2009 injury.  (Id. at 8, 9).  Plaintiff requested treatment for sleeplessness and extreme pain and limited mobility in his left arm.  Plaintiff suspected that he was suffering from a nerve condition.  Dr. Ross disagreed and determined Plaintiff's symptoms to be arthritis related.  (Id. at 4.)  A second physician who saw Plaintiff on July 17, 2011, thought that Plaintiff might be suffering from a nerve problem.  This second doctor prescribed medication and ordered Plaintiff have a lower tier bunk.  However, Dr. Ross was Plaintiff's primary care physician and ultimately controlled Plaintiff's care.  (Id. at 4, 5.)

On August 7, 2011, Plaintiff told Correctional Officer Fuller that Plaintiff was unable to move his neck or get out of bed.  (Id. at 5.)  Fuller repeatedly called on John Doe #2 in the medical department to send medical staff to Plaintiff's cell.  (Id. at 12.)  John Doe #1, the responding nurse, arrived more than three hours after Fuller's first call.  Doe #1 threatened disciplinary measures if Plaintiff did not get out of bed so she could examine him.  Plaintiff stated that he could not get out of bed; a stretcher was then used to remove

Plaintiff. Doe #1 administered medication according to instructions provided by the on-call physician, who also believed Plaintiff was suffering from a nerve problem. (Id. at 5.)

Dr. Ross saw Plaintiff the following morning and agreed that Plaintiff may have been suffering nerve problems but refused to begin treating Plaintiff accordingly. Plaintiff filed a medical appeal on August 9, 2011, with Defendant Shiesha, asking for an M.R.I., treatment outside the prison, and pain management. (Id. at 6.)

On August 16, 2011, Plaintiff experienced limited range of head and left arm motion. Defendant Ross examined Plaintiff and observed that Plaintiff's left arm had become smaller than his right. Dr. Ross determined the cause to be muscle spasms and nerve constriction. Plaintiff was sent to a community hospital outside the prison where an M.R.I. revealed "extensive nerve damage in cervical spine area." (Id. at 4.) Surgery was recommended; however, according to the hospital discharge summary dated August 18, 2011, Plaintiff "did not want to go for surgery since he was already getting better and preferred conservative measures." (Id. at 32.) The attending physician prescribed medication. (Id. at 33.) Plaintiff returned to prison and was put on a pain management program, given a neck brace, and assigned to limited work duty. (Id. at 4.)

On August 23, 2011, Defendant Baker asked Plaintiff to sign off on the August 9, 2011, medical appeal to acknowledge that Plaintiff had received the medical care requested. Plaintiff refused and Baker threatened to issue a negative report stating that Plaintiff's original appeal was an attempt to manipulate staff and escape prison. (Id. at 6.) Plaintiff filed an appeal on August 25, 2011, regarding Defendant Baker's conduct. (Id. at 20.)

Defendant Shiesha was aware that Defendant Ross and the John Does were

4

capable of the aforementioned conduct but nevertheless permitted the Defendants to remain in their positions and commit the alleged violations.  Defendants Gonzalez and Stainer, as Wardens, knew that Defendants Langham and Thompson were likewise capable and likely to act as described, yet failed to remove them from their positions.

Plaintiff asserts that the aforementioned conduct violated his rights to adequate medical care, freedom from threats and intimidation, and due process.

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### B.   Supervisory Liability

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff attributes liability to Defendants Shiesha, Gonzalez, and Stainer because they were allegedly aware that their subordinates, the remaining Defendants, were capable of, and likely to, commit the violations alleged. However, Plaintiff does not explain what each supervisor knew about their respective subordinates or the alleged violations and when. Mere conclusory statements are insufficient to state a cognizable claim. Iqbal, 556 U.S. at 678.

Plaintiff has failed to state cognizable claims against either Defendants Shiesha, Gonzalez, or Stainer. The Court will provide Plaintiff an opportunity to amend. In order to

state a claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights.  The mere fact that they may have supervised the individuals responsible for a violation is not enough.  The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

C.   **Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that

7

a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

       1.     Serious Medical Need

Plaintiff suffered severe pain, swelling, and limited mobility in his left arm, left shoulder, and neck. The injuries originally warranted a leave of absence from work. Approximately two years later, multiple doctors, including Defendant Ross, found Plaintiff's

condition worthy of treatment.  On at least one occasion Plaintiff's condition prevented him

from getting out of bed without assistance.  An M.R.I. reportedly confirms spinal damage.

Plaintiff adequately alleges a serious medical need and thus satisfies the first element of

his Eighth Amendment medical treatment claim.  See Doty v. County of Lassen, 37 F.3d

540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would

think worthy of comment, those which significantly affect the prisoner's daily activities, and

those which are chronic and accompanied by substantial pain).

2.    Deliberate Indifference

a.    Two Year Delay

Plaintiff alleges that he was denied medical care for more than two years after he

injured himself working in the laundry room on August 5, 2009.  (Compl. at 10.)  Such a

broad, general allegation fails to state a cognizable claim.  Plaintiff does not identify a

Defendant responsible for the medical care denied and alleges no facts regarding his

efforts to obtain medical care during this time.  In order to allege deliberate indifference,

Plaintiff must plead facts showing "a purposeful act or failure to respond to [Plaintiff]'s pain

or possible medical need" in the two year period, "and harm caused by the indifference."

Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).

b.    Dr. Ross

Plaintiff alleges that Defendant Ross failed to initially recognize the cause of

Plaintiff's symptoms as nerve damage despite the fact that Plaintiff and two other

physicians suspected as much.  When Ross acknowledged the possibility of nerve

damage, he allegedly failed to administer treatment immediately.  These allegations fall

short of deliberate indifference.

Defendant Ross originally saw Plaintiff on July 1, 2011, and diagnosed arthritis. Ross maintained his diagnosis and course of treatment while acknowledging the possibility of nerve damage on August 8, 2011.  On August 16, 2011, after observing that Plaintiff's left arm had constricted, Ross diagnosed nerve damage and sent Plaintiff to an outside hospital for treatment where a nerve condition was confirmed.

The fact that Plaintiff disagreed with the original diagnosis does not support the conclusion that Ross acted with deliberate indifference.   Sanchez, 891 F.2d at 242.  Nor does the allegation that two other physicians came to the nerve condition diagnosis before Ross.  Franklin, 662 F.2d at 1344.  Plaintiff alleges no facts demonstrating that Ross' diagnosis and treatment was medically unacceptable under the circumstances.  The nerve condition was not confirmed until after Plaintiff was hospitalized on August 17, 2011.  In addition, the hospital discharge summary dated August 18, 2011, reported that Plaintiff was content with the course of treatment prior to hospitalization and had stated he was feeling better.

The Complaint repeatedly refers to the care provided by Ross as amounting to medical malpractice.  However, negligence or medical malpractice is insufficient to establish deliberate indifference. Estelle, 429 U.S. at 106.  Even gross negligence will not suffice. Wood, 900 F.2d at 1334.

Plaintiff has failed to allege that Defendant Ross acted with deliberate indifference. The Court will provide Plaintiff with an opportunity to amend.  In order to state a cognizable claim based on a disagreement over medical care provided, Plaintiff must show, with facts, not mere speculation or suspicion, "that the course of treatment [Dr. Ross] chose was medically unacceptable under the circumstances . . . and . . . that [he] chose this course

in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson</u>, 90 F.3d at 332.

c.      John Doe #2

On August 7, 2011, Plaintiff told Officer Fuller that he was unable to move his neck or get out of bed.  Fuller repeatedly failed to reach anyone in the medical department. (Compl. at 5.)

Plaintiff alleges that no response from the medical department amounts to deliberate indifference and John Doe #2 was responsible.  "Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" <u>Id.</u> at 1057 (<u>quoting</u> <u>Farmer</u>, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id.</u> (<u>quoting</u> <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff does not allege that Doe #2 actually received Fuller's calls and ignored them or that he otherwise knowingly disregarded Plaintiff's serious medical need.  Accordingly, Plaintiff fails to allege deliberate indifference on the part of Doe #2.  The Court will provide an opportunity to amend.  In order to state a cognizable claim, Plaintiff must allege truthful facts demonstrating that Doe #2 was actually aware of the risk to Plaintiff's health and knowingly disregarded it.

d.      John Doe #1

Plaintiff further alleges that John Doe #1 responded more than three hours after Plaintiff notified Fuller of his condition.  Doe #1 threatened disciplinary measures if Plaintiff did not get out of bed so she could examine him.  Once notified of his condition, a stretcher

11

was used to remove Plaintiff.  Doe #1 then administered medication according to the on-call physician's instructions.

There are no facts showing that Doe #1 knowingly disregarded any risk to Plaintiff. The initial threat of disciplinary action may have been harsh, indifferent, or medical malpractice under the circumstances, but as pled does not amount to deliberate indifference. Broughton, 622 F.2d at 460.  When Plaintiff made clear that the reason Doe #1 had been summoned was Plaintiff's inability to move, a stretcher was deployed and Doe #1 treated Plaintiff according to a physician's instructions.

Plaintiff has failed to allege deliberate indifference on the part of Doe #1.  The Court will grant leave to amend.  In order to state a cognizable claim, Plaintiff must supply truthful facts demonstrating that Doe #1 knowingly disregarded a serious risk to Plaintiff's health.

e.      John Doe #3

Plaintiff alleges that John Doe #3 issued "Naproxen" and granted a four day leave from work immediately after the August 5, 2009, workplace injury.  There are no factual allegations suggesting that Doe #3 disregarded anything.  To the extent the treatment reflected indifference or negligence, the allegations are insufficient. Broughton, 622 F.2d at 460.   In order to state a cognizable claim, Plaintiff must allege truthful facts demonstrating that Doe #1 knowingly disregarded a serious risk to Plaintiff's health.

D.   **Intimidation**

Plaintiff alleges that Defendant Baker, Langham, and Doe #1 made statements intending to intimidate and harass Plaintiff.  Defendant Langham allegedly threatened Plaintiff with a negative report noting Plaintiff's bad attitude and refusal to sign a workplace incident form.  (Compl. at 7.)  Defendant Baker similarly threatened Plaintiff with a

12

disciplinary report because Plaintiff refused to sign a document acknowledging his medical appeal had been granted.  (Id. at 6.)  Lastly, Plaintiff states that Doe #1 threatened to document Plaintiff's inability to get out of bed as being non-cooperative.  (Id. at 12.)

Plaintiff admits that Langham's words, however forceful, do not amount to a violation of Plaintiff's Eighth Amendment rights.  (Id. at 11.)  Nevertheless, Plaintiff asserts that his Eighth Amendment rights were violated because of the cumulative affect of the Defendants' actions.

Verbal harassment or abuse alone is not sufficient to state a claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff has failed to state a cognizable claim for verbal threats and harassment.  The Court will provide Plaintiff leave to amend.  In order to state a cognizable claim, Plaintiff must allege truthful facts demonstrating that the harassment and intimidation consisted of something more than what allegedly transpired.

### E.   Due Process

Plaintiff alleges that Defendant Thompson violated Plaintiff's due process rights by submitting a workers' compensation report that was late and omitted the fact that Plaintiff had to take a leave of absence from work because of the August 5, 2009, laundry room injury.  (Compl. at 11, 12.)  The factual and legal bases for Plaintiff's claim are vague.  Plaintiff attached a copy of the denial of his workers' compensation claim; it makes no mention of late filing of materials.  The decision to deny benefits was clearly based on the finding that "this is a minor job-related injury . . . ."  (Id. at 27.)  To the extent Plaintiff is alleging that Defendant Thompson submitted an incomplete record in violation of Plaintiff's

13

1  substantive due process rights, Plaintiff fails to state a claim.

2      "The concept of substantive due process . . . forbids the government from depriving

3  a person of life, liberty, or property in such a way that shocks the conscience or interferes

4  with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147

5  F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted).  To establish

6  a claim, plaintiff "must, as a threshold matter, show a government deprivation of life, liberty,

7  or property." Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d

8  1020, 1026 (9th Cir. 2007) (quoting Nunez, 147 F.3d at 871).  "The Due Process Clause

9  takes effect only if there is a deprivation of a protected interest." Nunez, 147 F.3d at 874.

10      Plaintiff has failed to identify a protected interest.  "There is no general liberty

11  interest in being free from capricious government action." Id. at 873.  The Court will grant

12  Plaintiff leave to amend.  Plaintiff should clearly state the pertinent factual allegations and

13  the basis for relief.  In order to state a cognizable claim for the violation of substantive due

14  process, Plaintiff must identify a protected interest that was deprived in a manner that

15  "shocks the conscience or interferes with rights implicit in the concept of ordered liberty."

16  Id. at 871.

17  **V.    CONCLUSION AND ORDER**

18      Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

19  will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d

20  1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

21  alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-

22  49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

23  on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

14

demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed January 17, 2012;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

15

1       4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim and failure to comply

with a court order.


IT IS SO ORDERED.

Dated:    July 2, 2012                  /s/ *Michael J. Seng*

                                   UNITED STATES MAGISTRATE JUDGE