UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY EDWARD LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>S. SHIESHA, et al.,<br><br>Defendants.<br>_____ / | CASE No. 1:12-cv-0076-MJS   (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE FIRST AMENDED COMPLAINT AND DENYING, WITHOUT PREJUDICE, INJUNCTIVE RELIEF<br><br>(ECF Nos. 16) |

I.  **PROCEDURAL HISTORY**

Plaintiff Clay Edward Lopez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on January 17, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)

-1-

On July 3, 2012, Plaintiff's Complaint was dismissed, with leave to amend, for failure to state a claim. (Order Dismiss. Compl., ECF No. 8.) Plaintiff filed a First Amended Complaint on November 16, 2012. (First Am. Compl., ECF No. 15.) The Court screened the First Amended Complaint and found a cognizable Eighth Amendment inadequate medical care claim against Defendant Ross and a cognizable First Amendment retaliation claim against Defendant Baker, but no other claims. On December 3, 2012, the Court ordered Plaintiff's claims against Defendants Langham, Thompson, Gonzalez, Stainer, and the Does, be dismissed with prejudice. Plaintiff also was ordered to either file an amended complaint curing identified deficiencies in his claim against Defendant Shiesha or notify the Court of his willingness to proceed only on his cognizable claims. (Order Dismiss. First Am. Compl., ECF No. 17.)

Pending before the Court is Plaintiff's November 26, 2012 motion seeking to supplement the First Amended Complaint with allegations and exhibits and for injunctive relief. (Mot. to Supp., ECF No. 16.)

## II.   LEGAL STANDARD

### A.   Supplemental Pleading

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ . P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so

requires." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a). Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

### B. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

### III. ANALYSIS

Plaintiff's motion to supplement the First Amended Complaint is not properly

before the Court, and his request for injunctive relief does not meet legal prerequisites for such relief.

### A.     Motion to Supplement

Plaintiff's motion to supplement the First Amended Complaint is not properly before the Court.

The Court screened the First Amended Complaint and, finding certain cognizable claims, offered Plaintiff the option of either filing an amended pleading or proceeding on his cognizable claims. He was not given the option to supplement any existing pleading and he has identified no legal or factual grounds that might justify amendment of the existing First Amended Complaint. His supplement does not address the deficiencies in his claims against Defendat Shiesha.

In any event, the proposed amendment is unacceptable because it is not a pleading complete in and of itself, but instead refers to and is dependent upon a separate underlying pleading. Local Rule 220. Every pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Additionally, Plaintiff may not "supplement" as to events occurring prior to the date of the pleading to be supplemented. Fed. R. Civ. P 15(d).

Moreover, to the extent Plaintiff simply wishes to add exhibits to his existing First Amended Complaint, they need not, and rarely should be, made part of a complaint. They may not, in any event, be filed separately as Plaintiff proposes to do. "The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.). The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." (First Informational Order, ECF No. 3 at 4:2-6.)

**B.    Injunctive Relief**

1.    No Showing of Likelihood of Success on the Merits

Plaintiff alleges that he will be released from custody on or about December 17, 2012 (Mot. to Supp. at 10), that Prison medical staff have prescribed medications including morphine for treatment of his various serious medical needs (Id. at 5-6), and that a correctional officer told him prison medical staff have an alleged "system" and "underground rule of practice" of not giving prisoners controlled narcotics upon release from custody. (Mot. to Supp. at 2:1-17.) He seeks an injunction directing the "medical department to reconsider" such "system" and "practice", so he can manage his pain levels upon his release. (Id. at 2:17-18.)

Plaintiff has failed at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits. Plaintiff has yet to plead a cognizable claim relating to a potential failure to provide a supply of prescription medication upon his

release. (Order Dismiss. First Am. Compl at 9:10-11:16.) Though the obligation to provide constitutionally adequate medical care including required medication does not end at the prison gate, See Wakefield v. Thompson, 177 F.3d 1160, 1164 (9th Cir. 1999), Plaintiff's claim to date "is purely speculative and does not state a claim to relief that is plausible on its face." (Order Dismiss. First Am. Compl. at 10:4-6.) Defendants have not yet appeared. Plaintiff's claim for medication upon release remains in dispute.

Similarly, his instant motion fails to demonstrate a denial or delay in treatment of a serious medical need, or threat thereof. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060.

Plaintiff fails to explain what medications, validly prescribed beyond his release date, he requests and for what period of time, that he has asked such medications be prescribed for his use during the transition from prison to private care, that his request was denied or that any response was given and what it was. The instant motion is speculative and unsupported by any fact or cognizable claim in this matter.

Plaintiff also fails to specify the individuals against whom he seeks injunctive relief. Generalized injunctive relief against "the medical department" is not permissible. The PLRA states that:

> [T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

### 2. No Irreparable Harm

Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")

Plaintiff alleges no facts suggesting a real and immediate threat of harm. He fails to sufficiently demonstrate any "system" or "practice" of denying narcotic medication upon release. Even if he had, nothing before the Court suggests a real and immediate threat of injury to Plaintiff. The instant motion does not demonstrate any medical indifference or suggest a risk arising therefrom, but rather is premised in conjecture and

surmise. His underlying pleading likewise fails to sufficiently allege any such risk of harm.

>	3.	Balance of Equities and Public Interest Not in Plaintiff's Favor

The absence of a showing of likelihood of success on the merits, and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or suggest that an injunction would be in the public interest.

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Plaintiff's allegations do not support an entitlement to injunctive relief.

## IV.	CONCLUSION AND ORDER

Plaintiff's motion to supplement the First Amended Complaint is not properly before the Court. His request for injunctive relief is unsupported by facts which would enable the Court to find that he is in need of and entitled to such relief.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to supplement the First Amended Complaint (ECF No. 16) is DENIED, and injunctive relief requested therein is DENIED without prejudice.

IT IS SO ORDERED.

Dated:	December 21, 2012		/s/ *Michael J. Seng*
                              	UNITED STATES MAGISTRATE JUDGE