UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY EDWARD LOPEZ,<br><br>                Plaintiff,<br><br>   v.<br><br>S. SHIESHA, et al.,<br><br>               Defendants.<br>_____/ | CASE No. 1:12-cv-00076-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CERTAIN CLAIMS AND DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF Nos. 17, 20)<br><br>FOURTEEN (14) DAY DEADLINE |

Plaintiff Clay Edward Lopez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on January 17, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On July 3, 2012, Plaintiff's Complaint was dismissed, with leave to amend, for failure to state a claim. (ECF No. 8.) Plaintiff filed a First Amended Complaint on November 16, 2012. (ECF No. 15.) The Court screened the First Amended Complaint on December 3, 2012 and found a cognizable Eighth Amendment inadequate medical care claim against Defendant Ross and a cognizable First Amendment retaliation claim against Defendant Baker, but no other claims. (ECF No. 17.) The Court ordered Plaintiff's claims against Defendants Langham, Thompson, Gonzalez, Stainer, and the

Does, be dismissed with prejudice. (Id.) Plaintiff also was ordered, by not later than January 7, 2013, to either file an amended complaint curing identified deficiencies in his claims against Defendant Shiesha or notify the Court of his willingness to proceed only on his cognizable claims. (Id.) On January 11, 2013, the Court ordered the January 7, 2013 deadline be extended to February 13, 2013. (ECF No. 20.)

The January 7, 2013 and the February 13, 2013 deadlines passed without Plaintiff filing an amended complaint, notifying the Court of his willingness to proceed only on his cognizable claims, or requesting a further extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's January 11, 2013 Order.

////////
////////
////////
////////
////////
////////

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall show cause, if any exist, why his non-cognizable claims and Defendant Shiesha should not be dismissed with prejudice for failure to comply with the Court's January 11, 2013 Order, and

2. If Plaintiff fails to show cause, the Court will dismiss his non-cognizable claims and Defendant Shiesha with prejudice, and direct that Plaintiff be provided with documents for service upon Defendants Ross and Baker.

IT IS SO ORDERED.

Dated:    March 4, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE