# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAY EDWARD LOPEZ, | CASE No. 1:12-cv-00076-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER |
| v. | (ECF No. 22) |
| S. SHIESHA, et al., | FOURTEEN (14) DAY DEADLINE |
| Defendants. | |

_____/

Plaintiff Clay Edward Lopez is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed January 17, 2012 pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  Plaintiff consented to extend magistrate judge jurisdiction to all matters and purposes. (Consent to Magistrate, ECF No. 5.)

On March 28, 2013, the Court instructed Plaintiff to complete and submit documents necessary for service of process by not later than May, 2, 2013.  (ECF No. 22.)  That deadline has passed without Plaintiff filing the service documents or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's Order requiring that he file documents necessary to execute service.

Accordingly, it is HEREBY ORDERED THAT:

1.    Within fourteen (14) days of service of this order, Plaintiff shall either show cause as to why his case should not be dismissed without prejudice for failure to comply with the Court's March 28, 2013 Order, or file the service documents; and

2.    If Plaintiff fails to show cause or file the requested documents, this action shall be dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:    September 17, 2013          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE