1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   CLAY EDWARD LOPEZ,                          CASE No. 1:12-cv-00076-MJS

12                    Plaintiff,                 ORDER    DISMISSING    PLAINTIFF'S
                                                 COMPLAINT FOR FAILURE TO COMPLY
13          v.                                   WITH A COURT ORDER

14   S. SHIESHA, et al.,                         (ECF No. 23)

15                    Defendants.                CLERK SHALL CLOSE THE CASE

16

17          Plaintiff Clay Edward Lopez, a former state prisoner proceeding pro se and in

18   forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 17,

19   2012.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

20          On March 28, 2013, the Court issued an order dismissing certain claims and

21   Defendants with prejudice and directing the Clerk of the Court to send Plaintiff service

22   documents necessary to proceed on Plaintiff's remaining cognizable claims.  (ECF No.

23   22.)  Plaintiff was instructed to complete and return the service documents within thirty

24   days.  (Id.)  The April 28, 2013 deadline passed without Plaintiff submitting the service

25   documents or requesting an extension of time to do so.

26          On September 18, 2013, the Court ordered Plaintiff to file the service documents

27   by October 7, 2013.  (ECF No. 23.)  In the alternative, Plaintiff was to show cause as to

28   why his case should not be dismissed for failure to comply with a Court Order and failure

                                              1

1   to prosecute.  (Id.)  The October 7, 2013 deadline has passed and Plaintiff has not

2   complied with or otherwise responded to the Court's Order.

3       Local Rule 110 provides that "failure of counsel or of a party to comply with these

4   Rules or with any order of the Court may be grounds for imposition by the Court of any

5   and all sanctions . . . within the inherent power of the Court."  District courts have the

6   inherent power to control their dockets and "in the exercise of that power, they may

7   impose sanctions including, where appropriate . . . dismissal [of a case]."  Thompson v.

8   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

9   prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

10  or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

11  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

12  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

13  amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

14  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court

15  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)

16  (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,

17  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

18  rules).

19      In determining whether to dismiss an action for lack of prosecution, failure to obey

20  a court order, or failure to comply with local rules, the Court must consider several

21  factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need

22  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

23  favoring disposition of cases on their merits; and (5) the availability of less drastic

24  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,

25  833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

26      In the instant case, the Court finds that the public's interest in expeditiously

27  resolving this litigation and the Court's interest in managing its docket weigh in favor of

28  dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of

2

1    dismissal, since a presumption of injury arises from the occurrence of unreasonable

2    delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

3    The fourth factor - public policy favoring disposition of cases on their merits - is greatly

4    outweighed by the factors in favor of dismissal discussed herein.   Finally, a court's

5    warning to a party that his failure to obey the court's order will result in dismissal satisfies

6    the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at

7    132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly warned Plaintiff that

8    failure to respond would result in dismissal of this action for failure to obey a court order

9    and failure to prosecute.  (ECF No. 23.)  Thus, Plaintiff had adequate warning that

10   dismissal would result from his noncompliance with the Court's Order.

11        Accordingly, the Court hereby ORDERS that this action be dismissed, without

12   prejudice, for failure to comply with the Court's September 18, 2013 Order.  (ECF No.

13   23.)

14

15

16   IT IS SO ORDERED.

17        Dated:   October 21, 2013          /s/ Michael J. Seng

18                                           UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

3